**UNITED STATES of America, Appellee,**

v.

**Adair Owen SPEAR and Carol Ann Spear, Appellants.**

**No. 83–2273.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1984.

Decided May 8, 1984.

Simmons, Perrine, Albright & Ellwood, Stephen J. Holtman, Roger W. Stone, Cedar Rapids, Iowa, for appellants.

Richard C. Turner, U.S. Atty., Ronald M. Kayser, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Adair Spear and Carol Spear appeal their jury convictions for conversion of Social Security benefits, in violation of 18 U.S.C. § 641, and for conspiracy to convert Social Security benefits, in violation of 18 U.S.C. § 371. Each defendant was fined $5,000, placed on probation for three years, and ordered to make restitution of $10,535.05. On appeal the Spears challenge the government's election to prosecute them under 18 U.S.C. § 641, and under 18 U.S.C. § 371 for conspiracy to violate 18 U.S.C. § 641, and contend that the evidence was insufficient to support their convictions. We affirm.

Until her death in 1977, Adair Spear's mother, Hazel, received Social Security widow's benefits. These payments were deposited directly by electronic transfer in a bank account held jointly by Hazel Spear and Adair Spear. The record shows that after Hazel Spear's death the Social Security Administration was notified of her death and upon application disbursed lump-sum death benefits which were used to defray funeral expenses. Although there is some disagreement on this point, the record lends support to the Spears' contention that the bank was fully apprised of Hazel Spear's death. Indeed, following Hazel Spear's death Carol Spear was substituted as a joint holder of the account. Nevertheless, over a period of approximately five years following Hazel Spear's death, $13,-

941 in Social Security benefits was erroneously deposited by electronic transfer into the account. During this time neither of the Spears was qualified for Social Security benefits. The Spears were aware of these deposits and spent money from the account for their own purposes.

■ The Spears argue that the government could not proceed against them for violation of 18 U.S.C. § 641, which deals generally with conversion of government property, or for conspiracy to violate that section, since they could not have been convicted under 42 U.S.C. § 408, the relevant part of which applies specifically to the perpetration of fraud in connection with obtaining Social Security benefits. According to the Spears, because their receipt and conversion of the benefits did not involve fraud, they could not have violated 42 U.S.C. § 408 and hence could not be prosecuted for conversion or conspiracy to commit conversion under 18 U.S.C. §§ 641 and 371. They contend that in the absence of fraud the government is limited to administrative proceedings for recovery of overpayments.

We have no quarrel with the contention that based on the record the Spears could not have been convicted under 42 U.S.C. § 408. Without regard to whether they may have committed fraud, the conduct for which the Spears were prosecuted plainly does not fit within any of the provisions of section 408. They were not convicted for fraudulently obtaining the Social Security benefits which were erroneously deposited into their account, but rather for dishonestly taking advantage of the error by converting the funds to their own benefit, a basis for criminal liability entirely different from that covered by 42 U.S.C. § 408. We do not agree, however, that inapplicability of 42 U.S.C. § 408 to the facts upon which this prosecution was based would preclude the Spears' prosecution under an otherwise applicable criminal provision, such as 18 U.S.C. § 641. We are unconvinced that Congress intended to render 18 U.S.C. § 641 ineffectual in a case such as this merely by the enactment of provisions which specify penalties for certain types of Social Security fraud and provide administrative procedures for adjustment of underpayments and overpayments.

■ Since we have determined that it was within the discretion of the government to proceed under 18 U.S.C. §§ 641 and 371, the only remaining issue raised is whether the evidence is sufficient to support the Spears' convictions. The Spears contend that the evidence will not support a determination beyond a reasonable doubt that they converted government funds knowingly, willfully, and with the intent to deprive the government of its property. The Spears claim that they were suffering under the misapprehension that they were entitled to the mistakenly deposited money and argue that only weak circumstantial evidence supports the inference that they had the necessary state of mind. In reviewing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the jury verdict, accepting as established all reasonable inferences tending to support the verdict rendered. *United States v. Michaels*, 726 F.2d 1307, 1311 (8th Cir.1984). Circumstantial evidence is no less probative than direct evidence. *Id.* The evidence is sufficient to support the Spears' convictions.

Affirmed.